IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY G. PIETRAS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 05 C 4624 |
| | ) |
| v. | ) Suzanne B. Conlon, Judge |
| | ) |
| CURFIN OLDSMOBILE, INC., d/b/a CURRIE | ) |
| MOTORS DRIVER'S EDGE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Nancy G. Pietras brings a putative class action against Curfin Oldsmobile, Inc., doing business as Currie Motors Driver's Edge, alleging violations of the Fair Credit Reporting Act ("the FCRA"), 15 U.S.C. § 1681, *et seq.* Pursuant to Federal Rule of Civil Procedure 12(b)(6), Curfin moves to dismiss the complaint. For the reasons set forth below, the motion is granted in part.

## BACKGROUND

The following facts are drawn from the complaint. Pietras is a consumer residing in Illinois. Curfin is an Illinois corporation operating a car dealership. Pietras never initiated any credit transactions with Curfin or authorized Curfin to access her credit report. Sometime in 2005, Pietras received a form letter from Curfin. Compl. Ex. A. The letter bears the heading "PRE-QUALIFIED NOTICE." According to the letter, Pietras was pre-approved for an auto loan, but she was required to call to find out the amount. The letter did not state the interest rate, the method of computing interest, or the length of repayment period. A footnote in a small type size stated: (1) Curfin obtained Pietras' information from a consumer reporting agency; (2) it made the loan offer because

she satisfied certain criteria for creditworthiness; (3) it may withdraw the offer if it later determines that she fails to meet the criteria; (4) she has the right to prohibit use of her information on file with any consumer reporting agency; and (5) she may exercise her right by notifying three consumer reporting agencies by mail or telephone.

Based on this form letter, Pietras filed the present putative class action. The complaint alleges Curfin's letter violates two FCRA provisions: (1) 15 U.S.C. § 1681b(c)(1)(B)(i) by failing to make a firm offer of credit; and (2) 15 U.S.C. § 1681m(d) by failing to provide clear and conspicuous disclosures of consumers' rights to prevent further invasions of privacy.

Curfin appears to have construed the complaint to allege only violations of 15 U.S.C. § 1681m(d), and moves to dismiss solely on the ground that § 1681m provides no private right of action. The § 1681b claims, therefore, survive this motion because Curfin fails to address them.

## DISCUSSION

I.  **Motion to Dismiss Standard**

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, and dismissal of an action under the rule is warranted only if 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). In ruling on a motion to dismiss, the court must accept the well-pleaded allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Cler*, 423 F.3d at 729 (citing *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). To survive a motion to dismiss, a complaint "need not plead particular legal theories or particular facts in order to state a claim."

*DeWalt*, 224 F.3d at 612. "All that is required is 'a short and plain statement . . . that will give the defendant fair notice'" of the nature and basis of the claim. *Id.* (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)).

## II. Background of § 1681m

Congress enacted the FCRA to protect consumers' right to privacy. 15 U.S.C. § 1681(a)(4). Unless consumers initiate a transaction, their credit reports may be accessed only in limited situations set forth in § 1681b(c). One such situation is when a creditor extends a "firm offer of credit" to a consumer. 15 U.S.C. § 1681b(c)(1)(B)(i). In addition to satisfying the firm-offer requirement, a creditor must also make "a clear and conspicuous statement" with the following details:

> (A) information contained in the consumer's consumer report was used in connection with the transaction;
>
> (B) the consumer received the offer of credit or insurance because the consumer satisfied the criteria for credit worthiness [*sic*] or insurability under which the consumer was selected for the offer;
>
> (C) if applicable, the credit or insurance may not be extended if, after the consumer responds to the offer, the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria bearing on credit worthiness [*sic*] or insurability or does not furnish any required collateral;
>
> (D) the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency from being used in connection with any credit or insurance transaction that is not initiated by the consumer; and
>
> (E) the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section 1681b(e) of this title.

15 U.S.C. § 1681m(d)(1). Section 1681n provides a private right of action against willful violators of the FCRA. In her complaint, Pietras alleges Curfin willfully violated both § 1681b(c)(1)(B)(i) and § 1681m(d).

Addressing only Pietras' § 1681m claims, Curfin argues that a private right of action to enforce § 1681m was eliminated by the Fair and Accurate Credit Transactions Act of 2003 ("the FACTA"), Pub. L. No. 108-159, 117 Stat. 1952 (2003). In 2004, the FACTA amended numerous FCRA provisions. Section 311(a) of the FACTA added subsection (h) to § 1681m. *See* Pub. L. No. 108-159, § 311(a), 117 Stat. 1952, 1988-89. Paragraph (8) of the amended § 1681m(h) reads:

ENFORCEMENT

(A) No civil actions
Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this *section*.

(B) Administrative enforcement
This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

15 U.S.C. § 1681m(h)(8) (emphasis added). Curfin interprets the term "section" to refer to § 1681m in its entirety; Curfin argues § 1681m(h)(8) repeals a private right of action under the entire section. As a result, Pietras cannot sue for alleged § 1681m(d) violations.

In response, Pietras advances several arguments for interpreting the term "section" to refer only to the newly-added subsection 1681m(h). According to this interpretation, her § 1681m(d) claims survive the FACTA amendment.

In two putative class actions unrelated to this case, Pietras' counsel has raised the same arguments before two judges of this court. Both judges rejected the arguments. *Murray v. Household Bank (SB), N.A.*, 386 F. Supp. 2d 993, 999 (N.D. Ill. 2005) (Gettleman, J.) (granting

4

defendants' motion for judgment on the pleadings); *Murray v. Cross Country Bank*, No. 05C1252, 2005 WL 2644961, at *1 (N.D. Ill. Aug. 15, 2005) (Zagel, J.) (granting defendant's motion to dismiss). After careful consideration, the court finds these recent decisions persuasive. Based on the reasons set forth below, the court interprets the term "section" to mean § 1681m in its entirety.

### III. Interpretation of § 1681m

Under the first canon of statutory interpretation, the court must look to the language of the statute. *United States v. Miscellaneous Firearms*, 376 F.3d 709, 712 (7th Cir. 2004). When interpreting statutory language, the court "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (citations omitted). If statutory language is unambiguous, "then, this first canon is also the last: 'judicial inquiry is complete, except in rare and exceptional circumstances.'" *Rubin v. United States*, 449 U.S. 424, 430 (1981) (quoting *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 187 n.33 (1978)). Accordingly, the court may look beyond a statute's express language to effectuate Congressional intent only in two occasions: (1) where the statutory language is ambiguous; and (2) where a literal interpretation would thwart the purpose of the overall statutory scheme or lead to an absurd result. *United States v. Tex-Tow, Inc.*, 589 F.2d 1310, 1313 (7th Cir. 1978) (quoting *Int'l Tel. & Tel. Corp. v. Gen. Tel. & Elecs. Corp.*, 518 F.2d 913, 917-18 (9th Cir. 1975)).

The only question before the court is whether the term "section" in § 1681m(h)(8) refers to the entire § 1681m or only to subsection (h). The Supreme Court's decision in *Koons Buick Pontiac GMC, Inc. v. Nigh* is instructive. *See* 125 S. Ct. 460 (2004). *Koons* analyzed whether an amendment to a clause in the Truth in Lending Act affected the meaning of the entire subparagraph. *Id.* at 466.

The Court relied on Congress's "hierarchical scheme" in subdividing statutory sections: subsections (starting with (a)); paragraphs (starting with (1)); subparagraphs (starting with (A)); and clauses (starting with (i)). *Id.* at 476. This is precisely the scheme Congress used to draft both the FCRA and the FACTA. *See, e.g.*, 15 U.S.C. § 1681m(d)(4) (referring to § 1681m as "[t]his section"); 15 U.S.C. § 1681m(f)(2) (referring to § 1681m(f) as "this subsection"); *id.* (referring to § 1681m(f)(1) as "paragraph 1"); 15 U.S.C. § 1681m(b)(2)(A) (referring to § 1681m(b)(2)(B) as "subparagraph B").

As demonstrated above, Congress carefully distinguished between "section" and "subsection" in drafting § 1681m. Section 1681m does not suggest that the term "section" means anything other than its plain meaning. Elimination of the private right of action under § 1681m is not an absurd result because other FACTA provisions limited civil liabilities under the FCRA. *See, e.g.*, Pub. L. No. 108-159, § 312, 117 Stat. 1952, 1989-93. The court must follow the teachings of the Supreme Court by giving plain meaning to unambiguous statutory language:

> As we have repeatedly held, the authoritative statement is the statutory text, not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms.

*Exxon Mobil Corp. v. Allapattah Servs, Inc.*, 125 S. Ct. 2611, 2626 (2005). Accordingly, the court must not look beyond the statutory language. *See id.*; *see also Rubin*, 449 U.S. at 430. Therefore, the term "section" in § 1681m(h)(8)(A) refers to the entire § 1681m. A private right of action is no longer available under § 1681m as amended by the FACTA. Thus, Pietras' § 1681m claims must be dismissed.

Pietras raises several arguments in opposition to the plain reading of § 1681m. But none of them has merit. She claims that Congress used "section 615(h)" to refer to subsection (h) of § 1681m. She concludes Congress "on occasion used the word 'section' to refer to ... 'subsection.'" Pl. Mem. 7. Her assertion is incorrect because she fails to appreciate Congress's use of "section" in citation format. A close examination of drafting style reveals that Congress used the term "section" whenever full section numbers are identified. For example, Congress referred to "*section* 1681b(c)(1)(B)." 15 U.S.C. §1681m(d)(1) (emphasis added). Congress simply used the term "section" instead of a section symbol ("§"). Clearly, when full section numbers are identified, this drafting style creates no confusion. But when full section numbers are not identified, Congress carefully distinguished among the hierarchical divisions. *See, e.g.*, 15 U.S.C. § 1681m(h)(3)(B) ("the person has provided ... a notice ... under *subsection (a) of this section*") (emphasis added). Contrary to Pietras' assertion, Congress's use of "section" preceding full section numbers does not indicate its disregard to the hierarchical scheme.

Pietras further argues that interpreting "this section" to mean the entire § 1681m would render § 1681m(c), § 1681m(h)(7), and § 1681s-2(c) redundant. The court is mindful of the canon favoring an interpretation that does not render statutory provisions redundant. *See McClain v. Retail Food Employers Joint Pension Plan*, 413 F.3d 582, 587 (7th Cir. 2005). But this canon must yield here because interpreting § 1681m to avoid the redundancy would lead to absurd results. If the court, as Pietras suggests, interprets the term "section" in § 1681m(h) to mean "subsection," it must give the same meaning to six other references to "this section" in § 1681m. Two of the references appear in § 1681m(c):

    (c) Reasonable procedures to assure compliance

7

> No person shall be held liable for any violation of *this section* if he shows by a preponderance of the evidence that at the time of the alleged violation he maintained reasonable procedures to assure compliance with the provisions of *this section*.

15 U.S.C. § 1681m(c) (emphasis added). Interpreting these two references to mean "this subsection" would make no sense because § 1681m(c) itself provides no rules for compliance or violation. Given this absurd result, the court cannot adopt Pietras' suggestion just to give meaning to three redundant provisions. Redundant provisions are not unusual in statutes. *See Germain*, 503 U.S. at 253 ("[r]edundancies across statutes are not unusual events in drafting"). Pietras does not argue that these redundant provisions lead to any confusion in interpreting the FCRA. Therefore, the court must adhere to the first canon of statutory interpretation and give the term "section" its plain meaning. *See Miscellaneous Firearms*, 376 F.3d at 712.

In addition, Pietras argues that because FACTA's legislative history is silent about eliminating a private right of action under § 1681m, Congress must not have meant to affect such a sweeping change. In the same vein, she asserts that if Congress meant to affect this change, it would have designated a separate subsection 1681m(i) for this purpose, instead of burying the elimination language in § 1681(h)(8)(A). These arguments have merit only if the statutory language is ambiguous. But this is not the case here. Because the term "section" is unambiguous, the court may not consult legislative history. *Exxon Mobil Corp.*, 125 S. Ct. at 2626; *see also Nupulse, Inc. v. Schlueter Co.*, 853 F.2d 545, 548 (7th Cir. 1988) ("As a general rule, when statutory language is plain, there is no cause to examine other indicia of legislative intent."). Moreover, the court's role is to interpret the law, not to judicially amend legislation. In *Lamie v. United States Trustee*, the Supreme Court interpreted a Bankruptcy Code section that contained an "apparent legislative drafting error" as a result of an amendment. 540 U.S. 526, 530 (2004). The section was "awkward,

and even ungrammatical." *Id.* at 534. The Court nonetheless interpreted the section in its plain meaning and refused to rely on the legislative history behind the amendment. *Id.* at 542 ("If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent."). Section 1681m contains no ambiguous language; the allegedly illogical location of the elimination language does not justify departure from giving the statutory language its plain meaning. *See Water Quality Ass'n Employees' Benefit Corp. v. United States*, 795 F.2d 1303, 1309 (7th Cir. 1986) ("It is a basic principle of statutory construction that courts have no right first to determine the legislative intent of a statute and then, under the guise of its interpretation, proceed to either add words to or eliminate other words from the statute's language."). Accordingly, Pietras' arguments on legislative intent must fail.

## CONCLUSION

For the reasons set forth above, Curfin's motion is granted in part. Pietras' § 1681m claims are dismissed with prejudice. Her § 1681b claims survive.

ENTER:

*[signature: Suzanne B. Conlon]*
Suzanne B. Conlon
United States District Judge

November 1, 2005